UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN UPSHAW, *in the capacity of Trustee for and on behalf of the Wilson Freight Company Trust,*

       Plaintiff,

  v.

SHERYL MAXFIELD, *Director of the Ohio Department of Commerce Division of Unclaimed Funds,*

       Defendant.

**ORDER**

22 Civ. 1492 (ER)

RAMOS, D.J.

  Plaintiff Kevin Upshaw brings this *pro se* action, for which the filing fee has been paid, seeking to recover assets totaling $330,157.51 that he claims escheated wrongfully to the State of Ohio. Doc. 1. The Court dismisses the complaint for the reasons set forth below.

**I. STANDARD OF REVIEW**

  The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous. *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)). Moreover, Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citing Fed. R. Civ. P. 8(a)(2)). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). Still, even given the "liberal construction afforded to *pro se* pleadings," *pro se* plaintiffs must meet the requirements of Rule 8. *Barsella v. United States*,

135 F.R.D. 64, 66 (S.D.N.Y. 1991).

## II.     BACKGROUND

Upshaw claims to be the grantor and trustee of the Wilson Freight Company Trust, Doc. 1 at 2, and he has attached several documents purporting to show his role at the company, *see id.* at 16–37. Wilson Freight Company was a New York company that filed a voluntary Chapter 11 bankruptcy petition in 1980 in the Southern District of New York Bankruptcy Court, and the reorganization plan was approved in 2014. *See In re Wilson Freight Co.*, 1:80-bk-11129 (S.D.N.Y. Bankr. Jan. 23, 2014); *Wilson Freight Co. v. Citibank, N.A.*, 82 Civ. 1386, 21 B.R. 398, 399 (S.D.N.Y. 1982) (adversary proceeding). The documents attached to Upshaw's complaint include a document dated May 2021 and titled "Articles of Formation" for the "Wilson Freight Company Business Trust," made by and between Kevin Upshaw as grantor for the company and Kevin Upshaw as trustee for the company; a certificate of incorporation for an entity named Wilson Freight Company filed in April 2021 with the State of New York Department of State; a May 2021 Form W-9 Request for a Taxpayer Identification Number; and a May 2021 claim to the Ohio Department of Commerce. Doc. 1 at 16–37. The purported "Articles of Formation" state that any surplus funds or assets unclaimed by the Wilson Freight Company from the prior bankruptcy proceedings shall be collected by the trustee to become part of the Wilson Freight Company Trust. *Id.* at 29. The Court concludes that the foregoing documents are not authentic.

Upshaw has filed multiple prior suits in various state and federal courts in which he claims to be the trustee of the estates of deceased individuals or other entities, and thereby entitled to the assets of the estates that have escheated to state authorities. In fact, Upshaw has previously been convicted twice in Massachusetts state court for forgery and false statements in connection with such claims.[1]

---

[1] The Court may take judicial notice of news articles and court records, as they are in the public record, for the limited purpose of noting what they state rather than the truth of their contents. *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 462 (S.D.N.Y. 2020). Moreover, the Court may take judicial notice of state prosecutions and of convictions. *See Shmueli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005); *Magnotta v. Putnam Cnty. Sheriff*, No. 13 Civ. 2752 (GBD) (GWG), 2014 WL 705281, at *4 (S.D.N.Y. Feb. 24, 2014) (collecting cases). While

*Claim to Jannini Estate*

On March 15, 2010, Upshaw went to the Massachusetts State Treasurer's Office to make a claim on property from the estate of a Massachusetts woman named Rose F. Jannini, who died in 1986 (the "Jannini Estate").[2] *See Com. v. Upshaw*, 89 Mass. App. Ct. 1135, 55 N.E.3d 433, 2016 WL 4087932, at *1 (Mass. App. Ct. Aug. 2, 2016).  He presented a document that he claimed was Jannini's last will and testament to the Treasurer's Office, which advised him to obtain appropriate documentation from the probate court. *Id.*  On April 6, 2010, Upshaw petitioned the Suffolk County Probate and Family Court to appoint him trustee of the Jannini Estate.  The Suffolk Probate and Family Court appointed him successor trustee of her estate on June 29, 2010.  *In the Matter of Rose Jannini*, Suffolk County Probate and Family Court, Docket No. SU10P0764EA; *see also Upshaw v. Murphy*, No. 16 Civ. 12442 (ADB), 2019 WL 3220602, at *1–2 (D. Mass. July 17, 2019).

On November 18, 2010, a Suffolk County grand jury indicted Upshaw on three counts of forgery, three counts of uttering a false document, perjury, and attempted larceny in connection with his claim to the Jannini Estate's assets. *Upshaw v. Murphy*, 2019 WL 3220602, at * 2–3. On June 26, 2013, Upshaw was convicted after a jury trial of uttering a false document, perjury, and attempted larceny.  *See Com. v. Upshaw*, 2016 WL 4087932 (affirming conviction); *Upshaw v. Murphy*, 2019 WL 3220602, at *3 (denying petition for a writ of habeas corpus).  At the trial, a police officer testified that while executing a search warrant at Upshaw's residence in Millbury, Massachusetts, officers seized several notary seals engraved with various names and states of issue, eight of which were admitted at trial. *Com. v. Upshaw*, 2016 WL 4087932, at *2–3.

---

recognizing that there may be multiple people with the name Kevin Upshaw, the Court notes that some of the documents Upshaw includes with his instant complaint list the name "Kevin L. Upshaw," and on the Certificate of Incorporation, Upshaw provided a Boston, Massachusetts address.

[2] Upon her death, Jannini's estate was turned over to the Unclaimed Property Division of the State Treasurer of Massachusetts.  *See Upshaw v. Camosico*, No. 13 Civ. 11429 (FDS) (D. Mass.), Doc. 1; *Com. v. Upshaw*, 2016 WL 4087932, at *1.

3

While he was detained but before his conviction, on June 10, 2013, Upshaw brought a complaint *pro se* in the United States District Court for the District of Massachusetts, stating that he was a pretrial detainee and alleging violation of his right as the trustee of the Jannini Estate to receive notice of probate or administration of her estate before it escheated to the state. *See Upshaw v. Camosico*, No. 13 Civ. 11429 (FDS) (D. Mass.), Doc. 1.  On September 18, 2013, the district court denied Upshaw's motion for leave to proceed *in forma pauperis* and then dismissed the case after Upshaw did not pay the filing fee.  *Upshaw v. Camosico*, Docs. 10, 12.[3]

*Claim to Ward Estate*

On November 22, 2011, Upshaw mailed a package from a post office in Lynn, Massachusetts to the Iowa State Treasurer's Office, asserting his right to abandoned assets in the estate of a deceased Iowa man named Richard Ward (the "Ward Estate"); the package included an alleged trust agreement naming Upshaw the trustee of the Ward Estate.[4]  On June 21, 2012, Upshaw was indicted in Essex County Superior Court in Massachusetts on charges of uttering false writing, false statement under penalty of perjury, and attempt to commit a crime in connection with his claim to be Ward's trustee.  *Com. v. Upshaw*, ESCR2012-00624, Docket No. 1277CR00624 (Essex Super. Ct.)[5]; *Upshaw v. Murphy*, No. 17 Civ. 10470 (WGY) (D. Mass.),

---

[3] Judge Saylor's order did not address the merits of the case.

[4] These facts are taken from respondent Joseph Murphy's opposition to Upshaw's petition for a writ of habeas corpus and from Upshaw's brief submitted to the Massachusetts Appeals Court.  *Upshaw v. Murphy*, No. 17 Civ. 10470 (WGY) (D. Mass.), Docs. 18 at 3, 18-3.

[5] The docket for the Essex Superior Court criminal case provides the defendant's name as "Kevin N. Upshaw." However, Upshaw's petition for a writ of habeas corpus challenging his conviction in that case—which included the Essex Superior Court docket number—provided his name as "Kevin L. Upshaw."  *See Upshaw v. Murphy*, No. 17 Civ. 10470, Doc. 1.  Upshaw also filed a motion to consolidate the 16 Civ. 12442 habeas petition (challenging his conviction for his claim to the Jannini Estate) and the 17 Civ. 10470 habeas petition (challenging his conviction for his claim to the Ward Estate), which the district court denied as moot after his habeas petition for the Ward Estate case was dismissed.  *Upshaw v. Murphy*, No. 16 Civ. 12442 (ADB) (D. Mass.), Doc. 20, ECF No. 21.  Thus, the record establishes that the same Kevin Upshaw was convicted in both cases.  Moreover, the Massachusetts Appeals Court decision affirming Upshaw's conviction in the Ward Estate case specifically found that the introduction of prior bad acts evidence in connection with his previous claim to a Massachusetts estate was not unlawful propensity evidence:

> In both the charged offense and the prior Massachusetts claim, the defendant submitted trust documents to support his claim to be the heir to substantial abandoned property.  In each trust document, the defendant was purported to be both trustee and beneficiary of the trust.  Notwithstanding the largely immaterial

4

Doc. 18-1. On July 24, 2013, Upshaw was convicted of uttering a false document and perjury in connection with the alleged trust instrument and claim form he had used in connection with that case. *See Com. v. Upshaw*, 90 Mass. App. Ct. 1121, 65 N.E.3d 34, 2016 WL 7333522 (Mass. App. Ct. Dec. 16, 2016) (affirming conviction); *Upshaw v. Murphy*, No. 17 Civ. 1070, Doc. 1 (petition for writ of habeas corpus).[6]

In August 2012, while detained at the Essex County Correctional Facility awaiting trial, Upshaw brought a complaint *pro se* in the District of Massachusetts claiming to be entitled to the assets of the Ward Estate and alleging that Ward had appointed Upshaw trustee of his property and then died intestate in Iowa in 2005, whereupon his estate escheated to the State of Iowa. *See Upshaw v. Fitzgerald*, No. 12 Civ. 11682 (FDS) (D. Mass.), Doc. 1. The district court denied Upshaw's motion to proceed *in forma pauperis* and for waiver of fees and costs on the basis that the Secretary of Veterans Affairs was a party in interest and dismissed the case after Upshaw did not submit his six-month prison account statement as ordered by the court. *Upshaw v. Fitzgerald*, Docs. 7, 8.[7] In February 2013, Upshaw brought another, separate action against U.S. Bank, claiming that the funds in Ward's checking account had escheated to Iowa without proper notice to him as Ward's trustee. *Upshaw v. U.S. Bank*, No. 13 Civ. 10303 (DPW) (D. Mass.),

---

differences in the two trusts and the locations of the claims, this similarity provided relevant evidence of the defendant's common pattern of operation as well as his knowledge of and familiarity with both trust documents and abandoned property listings. The Connecticut abandoned property listings and legal books found in the defendant's home were similarly probative as to his pattern of conduct and his knowledge of the means necessary to commit the offense.

*Com. v. Upshaw*, 90 Mass. App. Ct. 1121, 65 N.E.3d 34, 2016 WL 7333522, at *2 (Mass. App. Ct. Dec. 16, 2016).

[6] *See also Upshaw v. U.S. Bank*, No. 13 Civ. 10303 (DPW) (D. Mass.), Doc. 15-9 (Essex Superior Court docket sheet submitted in support of defendant's motion to dismiss); "Lynn Man To Be Sentenced in Second Estate Scam," BOSTON.COM (July 29, 2013), *available at* https://www.boston.com/news/local-news/2013/07/29/lynn-man-to-be-sentenced-in-second-estate-scam/ (last accessed February 27, 2022). In March 2017, after the Massachusetts Appeals Court affirmed his conviction, Upshaw brought a petition in the District of Massachusetts for a writ of habeas corpus, claiming that Massachusetts lacked jurisdiction to prosecute him. *Upshaw v. Murphy*, No. 17 Civ. 10470 (WGY) (D. Mass.), Doc. 1. On July 12, 2017, Judge Young dismissed Upshaw's petition with prejudice, finding that his claim that Massachusetts lacked jurisdiction failed as a matter of a law. *Upshaw v. Murphy*, ECF No. 22, Doc. 23.

[7] Judge Saylor limited his decision to Upshaw's failure to comply with the court's order, rather than addressing the merits of his case.

Doc. 1.  On March 27, 2014, the district court dismissed Upshaw's action against U.S. Bank as barred by the doctrine of *res judicata*, noting that the state court judgment for forgery and false statement in connection with the purported Ward trust adversely determined material elements of his claim.  *Upshaw v. U.S. Bank*, 2014 WL 1272093, at *1 (D. Mass. Mar. 27, 2014).

*Other Actions*

Moreover, there are at least two other cases in the public record dismissing actions brought by a Kevin L. Upshaw for similar claims.  In January 2001, Kevin L. Upshaw brought a case in the District of Massachusetts seeking to recover $50,000 seized by the United States Customs Service in 2000, which the United Parcel Service had found in a package addressed to a "J. Bartsch" of Randolph, Massachusetts.  *Upshaw v. United States Customs Serv. et al.*, 153 F. Supp. 2d 46, 47–48 (D. Mass. July 18, 2001).  Upshaw's complaint alleged that he was acting on behalf of plaintiff-owner Joe Bartsch who had executed a notarized power of attorney and had designated Upshaw his agent bailee.  *Id.*  In its order of dismissal, the district court noted that the Customs Service had introduced "troubling evidence" that the "notarized document appeared to involve fraudulent fabrication."  *Id.* at 48.

In June 2008, Kevin L. Upshaw commenced a case in Connecticut Superior Court, District of Hartford, seeking a petition for a writ of mandamus to compel the Connecticut State Treasurer to turn over $159,989.07 that had escheated to the State of Connecticut from the estate of a Ralph Brown, which the court dismissed as barred by sovereign immunity.[8]  *See Upshaw v. Nappier*, No. CV084038426, 48 Conn. L. Rptr. 204, 2009 WL 2450762 (Conn. Super. Ct. July 7, 2009).

### III.    DISCUSSION

Nothing in Upshaw's pleadings or submissions connects him or the purported entities— the Wilson Freight Company Trust and the Wilson Freight Company incorporated in 2021—to

---

[8] Before Upshaw brought the petition in Superior Court, the Hartford Probate Court had named Upshaw successor trustee for the Ralph Brown trust; he then filed a claim with the state treasurer's unclaimed property division, which was denied.  *Upshaw v. Nappier*, 2009 WL 2450762, at *1.

the Wilson Freight Company that filed for bankruptcy in the 1980s. The Court affords the purportedly notarized documents by and between Kevin Upshaw as grantor of the company and Kevin Upshaw as trustee of the company no weight. Under Rule 8, it is Plaintiff's burden to show that he is entitled to relief, and the pleadings do not do so. Moreover, without any plausible allegations that the 2021 documents are in any way connected to the Wilson Freight Company that went through bankruptcy proceedings, and in light of Upshaw's disturbing history of fraudulently bringing similar claims, there is no indication that Upshaw's complaint is not frivolous under 28 U.S.C. § 1915(e)(2)(B)—if not outright fraudulent.

## IV. CONCLUSION

The case is dismissed. Although Plaintiff has paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to Upshaw at the following address:

Kevin Upshaw
3117 Darden Road, Unit-K
Greensboro, NC 27407

The Clerk of Court is further respectfully directed to close the case.

It is SO ORDERED.

Dated: February 28, 2022
New York, New York

_____
Edgardo Ramos, U.S.D.J.